IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00214-FDW

| | |
|---|---|
| WILLIE T. BOBBITT, | ) |
| Plaintiff, | ) |
| v. | ) |
| FNU SCOTT, Correctional Officer; | ) |
| FNU GADDY, Correctional Officer; | ) **ORDER** |
| GEORGIA HILL-MARTIN, | ) |
| Program Director; FNU MIMS, | ) |
| Captain; MENTAL HEALTH DEP'T, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff is a prisoner of the State of North Carolina who was sentenced as a habitual felon in 2012, and he is currently housed in the Lanesboro Correctional Institution. In his complaint, Plaintiff alleges that one or more of the defendants subjected him to cruel and unusual punishment through the application of excessive force in violation of the Eighth Amendment.

Because Plaintiff is a prisoner of the State of North Carolina, he is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

1

PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." <u>Id.</u> at 524 (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court went on to stress that the exhaustion requirement must be met before commencement of the suit. <u>Id.</u> Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>Anderson v. XYZ Corr. Health Servs.</u>, 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

<u>Anderson</u>, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

In his complaint, Plaintiff candidly explains that he submitted a grievance regarding this incident which is now pending within the prison's administrative remedy procedure. (3:16-cv-00214, Doc. No. 1: Compl. at 5 ¶ 35). Although it may have been Plaintiff's intention to exhaust his administrative remedies after he filed his § 1983 complaint, it is well-settled that "a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his administrative remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed." Woodward v. Daugherty, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012) (citing Moore, supra, at 725)). Plaintiff is advised that he may file a new § 1983 complaint since it is apparent, by his own admission, that he has not exhausted his administrative remedies.

Based on the foregoing, the Court finds that Plaintiff's complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff' complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

Signed: May 13, 2016

Frank D. Whitney
Chief United States District Judge