IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00214-FDW

| | |
|---|---|
| WILLIE T. BOBBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FNU SCOTT, Correctional Officer; ) | **ORDER** |
| FNU GADDY, Correctional Officer; ) | |
| GEORGIA HILL-MARTIN, ) | |
| Program Director; FNU MIMS, ) | |
| Captain; MENTAL HEALTH DEP'T, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se motion to reconsider the Order dismissing his § 1983 complaint against state prison employees that he filed while a prisoner of the State of North Carolina. (Doc. No. 10).[1]

On May 13, 2016, the Court entered an Order dismissing the complaint based on the fact that Plaintiff admitted he filed the complaint while he was awaiting the resolution of his grievance within the State prisoner's mandatory grievance procedure. See (Doc. No. 6: Order at 3 (dismissing based on mandatory requirements of Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)).[2] The record also plainly demonstrated that Plaintiff had failed to exhaust. (Doc. No. 9: Step Three Response, dated May 9, 2016, which is at least a week and a half <u>after</u> the complaint was filed).

---

[1] Because this motion was filed well outside the 28-day time period for a Rule 58 motion, the Court will consider it under the provisions of Rule 60 of the Federal Rules of Civil Procedure.

[2] In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); <u>Moore v. Bennette</u>, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

1

In his motion for reconsideration, again admits that he did not exhaust his administrative remedies before filing the complaint and contends that he should be excused from this requirement because of his mental health challenges; however there is no such waiver in the PLRA based on cognitive difficulties. (Doc. No. 10).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 10).

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge